# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F.L. VASQUEZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-0589-LJO-DLB PC<br><br>ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |

I.　Screening Order

　　A.　Screening Requirement

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed an amended complaint on October 4, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

1  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
2  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
3  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
4  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only
5  if it is clear that no relief could be granted under any set of facts that could be proved consistent with
6  the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
7  the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
8  the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
9  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
10 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
11 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
12 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
13 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights
14 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
15 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
16 266, 268 (9th Cir. 1982)).

17         B.      Plaintiff's Claims

18         Plaintiff was formerly housed in Wasco, California, where the events at issue in this action
19 allegedly occurred. The defendants named in this action are Warden Vasquez, Senior Librarian
20 McClure, Officer Allred and Sergeant Rivera.

21         Plaintiff alleges that he was denied access to the courts to obtain judicial review of his parole
22 violation because he was denied access to the law library to do legal research and prepare legal
23 documents. Plaintiff alleges his court action was dismissed by the Superior Court because he was
24 denied law library access.

25         Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518
26 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right of access is merely the right to bring to court
27 a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions,
28 and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover

1  grievances or to litigate effectively once in court.  Id.

2  Inmates do not have the right to a law library or legal assistance.  Id. at 351.  Law libraries and legal assistance programs are only the means of ensuring access to the courts.  Id.  Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  Id.  Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury.  Id.

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit."  Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court.  Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076.  The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability."  Phillips, 477 at 1077.  Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts.  Id. at 1078-79.

Although plaintiff alleges his court action was dismissed, it is not clear what type of action was pending.  As noted, the constitutional right of access is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Nor does plaintiff explain how the named defendants participated in the alleged denial of court access.  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .

3

> . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). <u>In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.</u>

In addition, supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff is advised that his warden position, without more, is an insufficient basis upon which to impose liability under section 1983 against Warden Vasquez.

C.  Conclusion

The court finds that plaintiff's complaint fails to state any claims upon which relief may be

1  granted under section 1983.  The court will provide plaintiff with the opportunity to file an amended
2  complaint curing the deficiencies identified by the court in this order.
3       Plaintiff is informed he must demonstrate in his complaint how the conditions complained
4  of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d
5  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is
6  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
7  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.
8  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
9  743 (9th Cir. 1978).
10      Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
11 complete in itself without reference to any prior pleading.  As a general rule, an amended complaint
12 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
13 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
14 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
15 of each defendant must be sufficiently alleged.
16      Accordingly, based on the foregoing, it is HEREBY ORDERED that:
17      1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
18      2.   The Clerk's Office shall send plaintiff a civil rights complaint form;
19      3.   Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
20           amended complaint; and
21      4.   If plaintiff fails to file an amended complaint in compliance with this order, the court
22           will recommend that this action be dismissed, with prejudice, for failure to obey a
23           court order and failure to state a claim.

25      IT IS SO ORDERED.
26      Dated:   **April 19, 2007**              **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE